Carroll
No. 81-108

### Wylie L. Apte, Jr.

v.

### Department of Revenue Administration & a.

November 20, 1981

*Shute, Engel & Morse P.A.*, of Exeter (*Mark S. Gearreald* on the brief and orally), for the plaintiff.

*Gregory H. Smith*, attorney general (*Betsy S. Westgate*, assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J. The Superior Court (*Temple*, J.) transferred the following two questions of law:

> "A. Does a foreclosure sale at which the mortgagee was the sole bidder, followed by the execution and recording of a deed by said mortgagee to himself, all pursuant to the statutory power of sale in the mortgage, constitute a 'sale, granting and transfer of real estate and any interest therein' under N.H. RSA 78-B:1 (I) (Supp. 1979)?
>
> B. If so, is such transfer excepted from real property transfer taxation under N.H. RSA 78-B:2(d) (1970) as an 'instrument solely to release security for a debt or obigation?' "

We answer question A in the affirmative and question B in the negative.

On April 6, 1979, the plaintiff sold a parcel of land to an investment trust, taking back a purchase-money mortgage. Because payments were never made on the principal, and no interest or late charges were paid, the plaintiff started foreclosure proceedings. Before he could complete the foreclosure, an involuntary bankruptcy petition was filed by other creditors against the trust, automatically staying the proceedings. After the plaintiff and the trustee in bankruptcy agreed to stipulate the price at which the plaintiff would make his bid, the stay was lifted, and the foreclosure sale was held on August 7, 1980. The plaintiff was the sole bidder. He recorded the sale as required by RSA 479:26 (Supp. 1979) and, when informed by the department of revenue adminis-

tration that it would require payment of the transfer tax, RSA 78-B:1 (Supp. 1979), tendered payment of the tax under protest. The plaintiff then brought this action for declaratory judgment, challenging his liability for the transfer tax. The department of revenue administration has stipulated that it will return the amount tendered if the plaintiff is successful in this action.

██ ██ The legislature has defined the coverage of the tax on the transfer of real property (RSA ch. 78-B (Supp. 1979)) very broadly. RSA 78-B:1 (I) (Supp. 1979) imposes a tax "upon the sale, granting and transfer of real estate *and any interest therein*, other than by devise or by the laws regulating intestate succession and descent." (Emphasis added.) Furthermore, "[r]eal estate," defined by RSA ch. 21 ("Statutory Construction"), includes "lands, tenements, and hereditaments, and all rights thereto and interests therein." RSA 21:21. We believe that the interest obtained by purchase of land at a foreclosure sale, by any party, is undoubtedly a sufficient interest to make the transfer subject to the requirements of RSA 78-B:1 (I) (Supp. 1979). That New Hampshire is a "title" state and that the mortgagee had already acquired title under the mortgage deed is irrelevant to our decision in this case. Under the foreclosure deed, the plaintiff acquired an interest in real estate, and, therefore, RSA 78-B:1 (I) applies.

██ ██ RSA 78-B:2(d) exempts from taxation "a discharge of mortgage or other instrument solely to release security for a debt or obligation." The plaintiff's transaction does not fall within this exception. He did not obtain a release of any indebtedness; rather, he reacquired full title and interest in the property. Furthermore, the department of revenue administration has recently promulgated a rule providing that "[a]ll foreclosure deeds shall be subject to the tax imposed by RSA 78-B:1, even though the buyer and the seller may be the same parties." Rev. 802.07 (eff. Sept. 9, 1981). Although this rule was not in effect at the time of this foreclosure, we think that it is a correct statement of what was implicit in the statute.

We have been asked to decide whether RSA 78-B:1 (I) includes the sale of land at a foreclosure sale and, if so, whether such sale is exempted by RSA 78-B:2(d). We hold only that such a sale is covered by the statute, and that the exemption does not apply. Accordingly, we remand this case to the trial court for appropriate action consistent with this opinion.

*Remanded.*

All concurred.